John A. Kawai, SBN 260120
CARPENTER, ZUCKERMAN, & ROWLEY
407 Bryant Circle, Suite F
Ojai, CA 93023
805-272-4001
jk@czrlaw.com
Attorney for Plaintiffs

Carol L. Hepburn, *Pro Hac Vice Pending*
CAROL L. HEPBURN, P.S.
200 First Ave. West, Suite 550
Seattle, WA  98119
(206) 957-7272
(206) 957-7273 fax
Email:  carol@hepburnlaw.net
Attorneys for Plaintiffs Donatello, William L.E.
Dussault GAL for Violet and Jenny

Deborah A. Bianco, *Pro Hac Vice Pending*
DEBORAH A. BIANCO, PLLC
14535 Bel-Red Road, #201
Bellevue, WA 98007
Phone: 425-747-4500
Email: deb@debbiancolaw.com
Attorney for Plaintiff Donatello

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| "DONATELLO," "JENNY," and WILLIAM L.E. DUSSAULT, Guardian ad Litem for "VIOLET," a minor,<br><br>"Plaintiffs,<br><br>v.<br><br>IVAN GREENHUT,<br><br>Defendant. | Case No:   2:19-cv-2686<br><br>COMPLAINT<br><br>Jury Trial Demanded |

"Donatello," "Jenny," and minor "Violet," proceeding by and through her Guardian

ad Litem, William L.E. Dussault, through their attorneys of record John Kawai of

Carpenter, Zuckerman, and Rowley, Deborah A. Bianco of Deborah A. Bianco P.S., and Carol L. Hepburn of Carol L. Hepburn P.S., allege for their complaint as follows:

## NATURE OF THE ACTION

1. This is a suit for damages arising out of the Defendant's violations of federal criminal child pornography statutes 18 U.S.C. § 2252A(a)(5)(B).

2. 18 U.S.C. § 2255(a) allows victims of child pornography under section 2252 to recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred. The Court may also award punitive damages and grant such other preliminary and equitable relief as the Court determines to be appropriate.

## PARTIES

3. William L.E. Dussault is the court appointed Guardian ad Litem for "Violet," who is a minor and resides outside the state of California.

4. "Violet" is a pseudonym for the victim depicted in the At School child pornography series.

5. "Jenny" is currently an adult and resides outside the state of California.

6. "Jenny" is a pseudonym for the victim of the Jenny child pornography series.

7. "Donatello" is currently an adult and resides outside the state of California.

8. "Donatello" is a pseudonym for the victim of the Feb212 child pornography series.

9. The defendant is an adult currently in the custody of the United States Bureau of Prisons.

10. On information and belief, the defendant resided in this district prior to his incarceration.

## JURISDICTION AND VENUE

11. Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this is a civil action arising under 18 U.S.C. § 2255.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because (i) this is a civil action brought in the judicial district where the Defendant resides and (ii) a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district.

## FACTUAL BACKGROUND

<u>The Defendant Possessed Child Pornography Depicting Violet in Violation of 18 U.S.C. § 2252A(a)(5)(B)</u>

13. Violet, a minor female, was forced from a young age over an extended period of time to have sexual encounters with an adult male. These sexual acts were photographed and videoed for purposes of distribution over the Internet.

14. Images and videos of Violet have been and continue to be widely circulated on the Internet and are known as the "At School" child pornography series. These images and videos constitute child pornography within the meaning of 18 U.S.C. § 2256(8).

13. Violet has been and will continue to suffer personal injury by the distribution and possession of child pornography depicting her by persons including the Defendant. The permanent harm she has proximately suffered includes but is not limited to extreme and permanent emotional distress with physical manifestations, interference with her normal development and educational progress, lifelong loss of income earning

capacity, loss of past and future wages, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial of this matter.

<u>The Defendant Possessed Child Pornography Depicting Jenny</u>
<u>in Violation of 18 U.S.C. § 2252A(a)(5)(B)</u>

14. From approximately age six to eight years old, Jenny was sexually molested and assaulted by an adult man. Jenny was repeatedly raped and forced to perform fellatio on an adult man. Jenny was also bound and forced to perform sexual acts on an animal. The abuser forced Jenny to watch child pornography in order to groom her for sexual exploitation. The sexual abuse of Jenny was digitized for distribution on the Internet.

15. Images and videos of Jenny have been and continue to be widely circulated on the Internet and are known as the "Jenny" child pornography series. These images and videos constitute child pornography within the meaning of 18 U.S.C. § 2256(8).

16. Jenny has been and will continue to suffer personal injury by the distribution and possession of child pornography depicting her by persons including the Defendant. The permanent harm she has proximately suffered includes but is not limited to extreme and permanent emotional distress with physical manifestations, interference with her normal development and educational progress, lifelong loss of income earning capacity, loss of past and future wages, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial in this matter.

///

### The Defendant Possessed Child Pornography Depicting Donatello in Violation of 18 U.S.C. § 2252A(a)(5)(B)

17. When Donatello was a child, he was enticed, abused and photographed by an unrelated adult male in a position of power and authority. The abuser was convicted, and sentenced to prison, and Donatello believed that was the end of his problems related to his sexual abuse. Until 2017, Donatello was unaware that images of his childhood sexual abuse were and are in circulation on the internet and/or the dark web.

18. Images and videos of Donatello have been and continue to be widely circulated on the Internet and are known as the "Feb212" child pornography series. These images and videos constitute child pornography within the meaning of 18 U.S.C. § 2256(8).

19. Donatello has suffered and will continue to suffer personal injury by the distribution and possession of child pornography depicting his childhood sexual abuse by persons including the Defendant. The permanent harm Donatello has proximately suffered includes but is not limited to extreme and permanent emotional distress with physical manifestations, interference with his normal development and educational progress, lifelong loss of income earning capacity, loss of past and future wages, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial of this matter.

**THE PLAINTIFFS' RIGHT TO PROCEED UNDER A PSEUDONYM**

15. Concomitant with this complaint, the Plaintiffs have moved for permission to proceed in this case using pseudonyms in accordance with the applicable law in this circuit.

16. According to *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000), "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."

17. As outlined in their Motion to Proceed Under a Pseudonym, the Plaintiffs' need for anonymity outweighs any prejudice to the Defendant or the public's interest in knowing their identity.

## FIRST CLAIM FOR RELIEF
## 18 U.S.C. § 2255(a)

18. The Plaintiffs repeat and re–allege all prior paragraphs.

19. 18 U.S.C. § 2255, entitled "Civil Remedy for Personal Injuries," provides that any person who is a victim of a violation of 18 U.S.C. § 2252A(a)(5)(B) and who suffers personal injury as a result of such violation shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000 per victim, and reasonable attorney's fees.

20. The Defendant pleaded guilty of violating the federal child pornography crime found at 18 U.S.C. § 2252A(a)(5)(B).

21. 18 U.S.C. § 2252A(a)(5)(B) provides that any person commits a federal crime who:

> knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

22. The Defendant pleaded guilty to knowingly possessing material containing images of the Plaintiffs' child pornography in violation of federal child pornography laws on January 30, 2018 and was sentenced on April 5, 2018.

23. The Plaintiffs suffered personal injury as a result of the Defendant's violation of 18 U.S.C. § 2252A(a)(5)(B).

24. The Plaintiffs are electing liquidated damages in the amount of $150,000 each and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, prejudgment and post-judgment interest, and such other relief as the Court deems appropriate.

## RELIEF REQUESTED

WHEREFORE, the Plaintiffs each request judgment against the Defendant as follows:

25. Liquidated damages in the amount of $150,000 each pursuant to 18 U.S.C. § 2255(a);

26. Punitive damages in an amount sufficient to punish the Defendant and deter others from like conduct pursuant to 18 U.S.C. § 2255(a) and the common law;

27. Reasonable attorney's fees pursuant to 18 U.S.C. § 2255(a);

28. Pre-judgment and post-judgment interest;

29. Such other preliminary and equitable relief as the Court determines to be appropriate pursuant to 18 U.S.C. § 2255(a);

30. Any relief within the Court's jurisdiction appropriate to the proof, whether or not demanded; and

31. Such other and further relief as the Court deems just and proper.

Dated this 9th day of April, 2019 at Irvine, California.


CARPENTER ZUCKERMAN AND
ROWLEY, LLP


By  /s John A. Kawai
John A. Kawai, SBN 260120
407 Bryant Circle, Suite F
Ojai, CA 93023
Tel.: (805)272-4001
Fax: (805)719-6858
Email:  Team3@czrlaw.com
Of Attorneys for Plaintiffs


DEBORAH A. BIANCO, PLLC


By  /s Deborah A. Bianco
Deborah A. Bianco, *Pro Hac Vice Pending*
14535 Bel-Red Road, #201
Bellevue, WA 98007
Phone: 425-747-4500
Email: deb@debbiancolaw.com
Of Attorneys for Donatello


CAROL L. HEPBURN, P.S.


By  /s Carol L. Hepburn
 Carol L. Hepburn , *Pro Hac Vice Pending*
 200 First Ave. West, Suite 550
 Seattle, WA  98119
 (206) 957-7272
 (206) 957-7273 fax
 Email:  carol@hepburnlaw.net
Of attorneys for Donatello, William L.E.
Dussault GAL for Violet and Jenny