John A. Kawai, SBN 260120
CARPENTER, ZUCKERMAN, & ROWLEY
407 Bryant Circle, Suite F
Ojai, CA 93023
805-272-4001
jk@czrlaw.com
Attorney for Plaintiffs

Carol L. Hepburn, *Pro Hac Vice*
CAROL L. HEPBURN, P.S.
200 First Ave. West, Suite 550
Seattle, WA  98119
(206) 957-7272
(206) 957-7273 fax
Email:  carol@hepburnlaw.net
Attorneys for Plaintiffs Donatello, William L.E.
Dussault GAL for Violet and Jenny

Deborah A. Bianco, *Pro Hac Vice*
DEBORAH A. BIANCO, PLLC
14535 Bel-Red Road, #201
Bellevue, WA 98007
Phone: 425-747-4500
Email: deb@debbiancolaw.com
Attorney for Plaintiff Donatello

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| "DONATELLO," "JENNY," and WILLIAM L.E. DUSSAULT, Guardian ad Litem for "VIOLET," a minor,<br><br>      Plaintiffs,<br><br>v.<br><br>IVAN GREENHUT,<br><br>      Defendant. | Case Number:  2:19-cv-2686-PA (GJSx)<br><br>JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER |

Page **1** of **9**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The parties hereby submit their JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to Civil Local Rule 16-9.

1.  Jurisdiction & Service
*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

The court's subject matter jurisdiction derives from this matter being based upon federal statute, specifically 18 U.S.C. 2255.  Defendant has been personally served. No issues exist regarding personal jurisdiction. No other parties remain to be served.

2.  Facts
*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Each of the plaintiffs are the subjects in series of child pornography images and videos. Defendant pleaded guilty to and was convicted of possession of child pornography including the images and videos of the plaintiffs. Plaintiffs have each suffered personal injury as a result of defendant's violation of federal child pornography law.

Pursuant to the plea agreement and restitution order in the criminal action, Defendant has pled guilty to possession of child pornography depicting images and/or videos of persons with the pseudonyms "Donatello" and "Jenny." Discovery is ongoing to determine whether the "Donatello" and "Jenny" who are Plaintiffs in

*Form updated May 2018*

this action are the same persons and to determine whether Defendant was in possession of images and/or videos of Plaintiff "Violet."

*3.  Legal Issues*
*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Plaintiffs allege that defendant must pay liquidated damages based upon his admitted possession of their child sex abuse images in violation of 18 U.S.C. § 2252 (a)(2) and (b)(1), and 18 U.S.C. § 2252 (a)(4)(B) and (b)(2).


Defendant is in the process of verifying that the Plaintiffs in this action are those depicted in the materials in his possession, affecting liability and damages.

4.  Motions
*All prior and pending motions, their current status, and any anticipated motions.*

Defendant's Request for Stay was denied.  Plaintiffs' Motion to Proceed With Pseudonyms was granted.  The Petition for Appointment for Guardian Ad Litem for minor victim, Violet, was granted.  No other motions have been brought or are pending. Plaintiffs intend to bring a motion to strike certain affirmative defenses and for summary judgment.

Defendant intends to bring a motion to strike Plaintiffs' jury demand to the extent allowable and may bring a motion for summary judgment.


5.  Amendment of Pleadings
*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*
None at this time.

*Form updated May 2018*

6. Evidence Preservation

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

Parties have reviewed the ESI Guidelines and have met and conferred.

7. Disclosures

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made. For ADA and employment cases, see General Order Nos. 56 and 71.*

Parties have agreed to exchange initial disclosures by August 30, 2019.

8. Discovery

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

No discovery has been taken to date. The parties do not anticipate needing an e-discovery order.

9. Class Actions

*If a class action, a proposal for how and when the class will be certified.*

This is not a class action.

10. Related Cases

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

*Form updated May 2018*

No related case is currently pending, however, the criminal prosecution of defendant for child pornography offenses in case number 2:18-cr-00048-CAS was brought before this court. Defendant was sentenced on April 2, 2018 and an order regarding restitution providing for restitution for some of the plaintiffs was entered on July 30, 2018.

11.  Relief

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiffs each seek $150,000 in liquidated damages from defendant as provided for in 18 U.S.C. 2255. Plaintiffs also seek their attorneys fees and punitive damages as allowed by this statute.

12.  Settlement and ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties have already begun to engage in settlement discussions and continue to work towards settlement. The parties are agreeable to mediation and believe this should be accomplished by April 30, 2020. The parties anticipate that legal issues raised by Defendant's affirmative defenses would need to be resolved before mediation would be effective.

*Form updated May 2018*

**13.** <u>Consent to Magistrate Judge For All Purposes</u>

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*     \_\_\_\_ YES    \_\_X\_ NO

**14.** <u>Other References</u>

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

This case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.** <u>Narrowing of Issues</u>

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

Each side anticipates filing motions to strike and motions for summary judgment, which should significantly narrow the issues in this case.

**16.** <u>Expedited Trial Procedure</u>

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.  If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The parties do not believe the expedited trial procedure will be appropriate.

**17.** <u>Scheduling</u>

*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

| Trial Date (starts on Tuesdays) | July 28, 2020 |
|---|---|
| MIL hearing Date | July 21, 2020 |

*Form updated May 2018*

| | |
|---|---|
| Motions In Limine; Memoranda of Contentions of Fact and Law [L.R. 16-4]; Witness Lists [L.R. 16-5]; Joint Exhibit List [L.R. 16-6.1]; Joint Status Report Regarding Settlement ; Proposed Findings of Fact and Conclusions of Law [L.R. 52] (court trial only); Declarations containing Direct Testimony, if ordered (court trial only) | July 14, 2020 |
| Final Pre-Trial Conference | July 10, 2020 |
| Oppositions to Motions In Limine; Joint Proposed Final Pretrial Conference Order [L.R. 16-7]; Joint/Agreed Proposed Jury Instructions (jury trial only); Disputed Proposed Jury Instructions (jury trial only); Joint Proposed Verdict Forms (jury trial only); Joint Proposed Statement of the Case (jury trial only); Proposed Additional Voir Dire Questions, if any (jury trial only); Evidentiary Objections to Decls. of Direct Testimony  (court trial only) | July 7, 2020 |
| Pre-Trial Disclosures Rule 26(a)(3) | June 26, 2020 |
| Deadline to Complete Settlement Conference | May 19, 2020 |
| Expert Discovery Cut Off | May 5, 2020 |
| Last Day to Hear Motions (Only heard on Mondays) | May 4, 2020 |
| Expert Depos Due | April 29, 2020 |
| Expert Reports Due | April 10, 2020 |
| Non-Expert Discovery Cut Off | March 30, 2020 |
| Expert Disclosures 26(a)(2) | February 28, 2020 |
| Initial Disclosures Rule 26(a)(1) | August 30, 2019 |

///

Page **7** of **9**

*Form updated May 2018*

18. Trial

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Plaintiffs demand a jury trial; Defendants demand a bench trial and reserve their right to object to Plaintiffs' request for a jury trial.

Parties Expected length of trial----two to three days.

19. Disclosure of Non-party Interested Entities or Persons

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Plaintiffs filed their Certification of Interested Parties on July 22, 2019.

Defendant filed his Certification of Interested Parties on July 19, 2019.

20. Professional Conduct

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All attorneys have reviewed the Guidelines for Professional Conduct for the Central District of California.

All parties have reviewed.

21. Other

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

The parties will exchange formal and informal discovery to facilitate resolution of this matter.

*Form updated May 2018*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CARPENTER, ZUCKERMAN & ROWLEY, LLP

/s/ John A. Kawai

Dated: September 3, 2019        By: _____

JOHN A. KAWAI
Attorney for Plaintiffs


FORTIS LLP

/s/ Fiona Miller

Dated: September 3, 2019        By: _____

FIONA MILLER
Attorney for Defendant


## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED
ORDER is approved as the Case Management Order for this case and all parties
shall comply with its provisions. [In addition, the Court makes the further orders
stated below:]



IT IS SO ORDERED.

 Dated: _____

UNITED STATES
DISTRICT/MAGISTRATE JUDGE

Page **9** of **9**